David L. Mazaroli (DM-3929)
Attorney for Plaintiff
250 Park Avenue – 7th Floor
New York, NY 10177
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| C&J CLARK AMERICA, INC. | : | ECF CASE |
| Plaintiff, | : | |
| | | 16 Civ. 8154 |
| - against – | : | |
| | | **VERIFIED COMPLAINT** |
| M/V "MSC LILY", her engines, | : | |
| tackle, boilers, etc., *in rem;* | | |
| DAMCO INTERNATIONAL B.V.; | : | |
| DAMCO USA INC.; | | |
| MAERSK LINE A/S; | : | |
| FORT FRONTIER LTD; MSC | | |
| MEDITERRANEAN SHIPPING CO. S.A; | : | |
| Defendants. | : | |

------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its verified complaint against the captioned *in personam* defendants and the M/V "MSC LILY" *in rem*:

## FIRST CAUSE OF ACTION

**(Breach of Contract and of Duties Under COGSA, 46 U.S. § 30701)**

1.	This action involves admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This action also falls within the Court's federal question, pendent, ancillary, and supplemental

jurisdiction. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

2.  Plaintiff seeks recovery for nondelivery, shortage, loss and damage to shipments of footwear (hereinafter also referred to as "the Shipments") caused by defendants' breaches of contract and torts. The Shipments are further described in the annexed Schedule A, which is incorporated herein by reference and which provides *inter alia* the bill of lading numbers and the carrier-provided container numbers.

3.  Plaintiff C&J Clark America, Inc. (hereinafter referred to as "plaintiff" or "Clark") is a Pennsylvania corporation with its principal place of business in Newton Upper Falls, Massachusetts, and sues herein as and for the purchaser, owner, consignee, receiver (intended receiver as to the nondelivered cargo) and the entity entitled to possession of the Shipments.

4.  Plaintiff and/or those on whose behalf it sues, sustained the loss arising from the claimed nondelivery, shortage, loss, and damage to the Shipments, and was at all material times a "Merchant" as defined in the bills of lading issued by or on behalf of the respective defendants.[1]

5.  Upon information and belief defendant Damco International B.V. (hereinafter "Damco") is an alien corporation organized under the laws of the Netherlands with its principal place of business at Florham Park, New Jersey, and a registered agent c/o C T Corporation System, 111 Eighth Avenue, New York, NY 10001.

6.  Upon information and belief defendant Damco USA Inc. (hereinafter "Damco USA") is a Delaware corporation with its principal place of business at Florham

---

[1] The bills of lading include the following clause: "'Merchant' includes the Shipper, Holder, Consignee, Receiver of the Goods, any Person owning or entitled to the possession of the Goods or of this bill of lading and anyone acting on behalf of such Person."

Park, New Jersey, and a registered agent c/o C T Corporation System, 111 Eighth Avenue, New York, NY 10001. [2]

7.     Upon information and belief defendant Maersk Line A/S (hereinafter "Maersk") is believed to be an alien corporation organized under the laws of, and with its principal place of business in, Denmark and with a registered agent c/o C T Corporation System, 111 Eighth Avenue, New York, NY 10011.

8.     Upon information and belief defendant MSC Mediterranean Shipping Co. S.A. (hereinafter "MSC") is believed to be an alien corporation organized under the laws of, and with its principal place of business in, Switzerland, with Mediterranean Shipping Company (USA) Inc., 420 Fifth Avenue, New York, NY 10018-2702 as its general agent.

9.     Upon information and belief defendant Fort Frontier Ltd. ("Fort Frontier") is an alien corporation organized under the laws of, and with its principal place of business in, a foreign sovereign in care of MSC Mediterranean Shipping Co S.A. , chemin Rieu, 12-14, 1208 Geneva, Switzerland.

10.    This Court has jurisdiction over the *in personam* defendants, who conduct business as common carriers of cargo for hire, and as providers of services related thereto, including, upon information and belief, with respect to shipments moving to, from and through the Port of New York, and/or on behalf of business entities domiciled in New York. The bills of lading issued for the Shipments include Southern District of New York forum selection clauses.

11.    Upon information and belief at all material times the M/V "MSC LILY" (gross tonnage: 95,403; call sign: 3FVB9; IMO number 9704960), a vessel engaged in

---

[2] Upon information and belief Damco and Damco USA were at all material times non-vessel operating common carriers ("NVOCC") and are the respective principals on Ocean Transportation Intermediary Bonds on file with the Federal Maritime Commission.

3

the common carriage of cargo by water for hire, was owned, operated, chartered, hired, managed and/or otherwise controlled by one or more of the defendants.

12. This action involves nondelivery, shortage, loss and damage to the Shipments which for agreed consideration defendants contracted to carry from the place of receipt at or near Ho Chi Minh City, Viet Nam, to the place of intended delivery at or near Baltimore. For the Shipments defendants provided four containers for purposes of intended carriage of the Shipments from Ho Chi Minh City, to Baltimore, as described more fully in Damco waybill DMCQSGN1618108 dated on or about October 5, 2015 and Maersk Line waybills MAEU954733855 dated on or about October 7, 2015, and others.

13. On or about October 5, 2015, as confirmed by the aforementioned bills of lading, the Shipments were delivered into the care, custody and control of defendants who contracted to carry the cargo from the place of receipt to the place of intended place of delivery.

14. The cargo in each container was in good order and condition at the time of receipt by defendants, or entities acting on their behalf.

15. Defendants designated the M/V "MSC LILY" to carry the Shipments during the ocean crossing.

16. Defendants failed to deliver the cargo carried in container TCLU5657681 to the intended discharge port and all or part of the cargo in the other three containers were in damaged condition at the time of delivery.

17. According to defendants during the ocean carriage aboard the M/V "MSC LILY" the cargo in container TCLU5657681 was lost overboard and the cargo in the other three containers sustained damage and loss.

18. The aforesaid nondelivery, shortage, loss and damage to the Shipments was caused by (a) defendants' breaches and violations of their nondelegable duties as common carriers; (b) their reckless failure to properly load, secure, stow, lash, carry, care for, refrigerate, discharge and deliver the subject cargo; (c) the unseaworthiness of the carrying vessel and container; and (d) by other circumstances for which defendants are liable to plaintiffs under the applicable statutory law, including the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note, (alternatively the Hague-Visby Rules as deemed applicable), the general maritime law and the governing carriage contracts.

19. As a result of the foregoing, plaintiff and those on whose behalf it sues, has sustained damages in the amount of $200,000 for which defendants are jointly and severally liable as common carriers and/or bailees for hire.[3]

20. Plaintiff sues on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action, including but not limited to Clark's related and/or affiliated companies and the insurer of the Shipments.

## SECOND CAUSE OF ACTION
### (Unreasonable Deviation/Fundamental Breach)

21. Plaintiff repeats and realleged the allegations contained in Paragraphs 1 through 20 of this complaint.

22. By exposing the Shipments to the enhanced risk of loss due to above-deck stowage, and by materially deviating from the intended geographic route for the voyage,

---

[3] Plaintiff reserves the right to amend the complaint to reflected damages based on intended selling prices of the footwear.

defendants committed unreasonable deviations and fundamental breaches of the carriage contracts.

23. As a proximate result of the foregoing, plaintiff and those on whose behalf it sues, has sustained damages in the amount of $200,000.00 for which defendants are jointly and severally liable as common carriers and/or bailees for hire.

### THIRD CAUSE OF ACTION
### (Breach of Bailment Obligations)

24. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 20 of this complaint.

25. At the time the aforementioned nondelivery, shortage, loss and damage of the Shipments occurred, defendants, together with the entities they hired to act on their behalf, were acting as bailees of the Shipments and in their own capacity, or through their contractors, agents, servants or sub-bailees, had a duty to safely and properly keep, care for and deliver the Shipment in the same good order and condition as when entrusted to them. Defendants also had a duty to ensure that the services provided for the Shipments were performed with reasonable care and in a non-negligent and workmanlike manner.

26. Defendants breached their duties and obligations as bailees by failing to deliver the Shipment in one container and in allowing damage and loss to the cargo in the other three containers.

27. As proximate result of the foregoing plaintiff and those on whose behalf it sues has sustained damages in the amount of $200,000.00, as nearly as can presently be estimated, no part of which has been paid although duly demanded.

## FOURTH CAUSE OF ACTION

**(Negligence and/or Recklessness,
and/or Willful Misconduct)**

28.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 20 of this complaint.

29.     At all material times defendants had a nondelegable duty to properly handle, carry, stow, lash, protect and care for the Shipments.

30.     The nondelivery, shortage, and loss of the Shipments was caused by defendants' negligence, recklessness, wanton neglect, and willful misconduct in that defendants, their agents, servants, sub-carriers, participating carriers, subcontractors, terminal operators, stevedores, warehousemen and employees failed to properly handle, stow, lash, carry, protect and care for the Shipments.

31.     As a proximate result of the foregoing plaintiff and those on whose behalf it sues has sustained damages in the amount of $200,000.00, as nearly as can presently be estimated, no part of which has been paid although duly demanded.

WHEREFORE, plaintiff respectfully prays:

A.      That process in due form of law issue against the captioned *in personam* defendants and against the M/V "MSC LILY", *in rem,* citing them to appear and answer all and singular the aforesaid matters;

B.      That judgment be entered against the captioned *in personam* defendants and the vessel *in rem*, jointly and severally in the amount of $200,000.00, together with incidental expenses, plus prejudgment interest at the rate of 9% per annum from the date of the intended delivery of the Shipments;

C. That plaintiff be afforded such other and further relief as warranted by justice, including an award of reasonable attorneys fees and all costs incurred in the prosecution of this action.

Dated:    New York, New York
          October 18, 2016

                                            Law Office
                                            David L. Mazaroli

*s/David L. Mazaroli*
_____
David L. Mazaroli
Attorney for Plaintiff
250 Park Avenue – 7th Floor
New York, New York 10177
Tel.: (212)267-8480
Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com

8

## SCHEDULE A

| | |
|---|---|
| Carrying Vessel: | M/V "MSC LILY" |
| Containers: | TLCU5657681, PONU0911213, PONU3029981, MSKU4767341 |
| Named Port of Loading: | Ho Chi Minh City, Viet Nam |
| Named Port of Discharge: | Baltimore |
| Maersk Line Bill of Lading: | MAEU 954733855 (Booking No. 954733855) dated on or about October 7, 2015 |
| Damco Bill of Lading: | DMCQSGN1618108 dated on or about October 5, 2015 |
| Nature of Cargo: | Footwear and related articles in 2636 cartons |
| Claim Amount: | $200,000.00 (Plaintiff reserves the right to amend the ad damnum clause of the complaint to seek recovery for intended resale value of the Shipments.) |

## **VERIFICATION**

DAVID L. MAZAROLI declares as follows:

1. That he is an attorney duly admitted to practice before this Honorable Court and the Courts of this State and is the attorney of record for Plaintiff herein.

2. That he has read the foregoing Complaint and knows the contents thereof.

3. That the same is true to the best of his knowledge, except as to those matters alleged on information and belief and as to those matters he believes them to be true.

4. Deponent further says that the sources of his information and the grounds for his belief are documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Complaint in the possession of deponent, and certain additional documents disclosed by the defendants or obtained from non-parties.

5. I declare under penalty of perjury that the foregoing is true and correct.

6. Executed at New York, New York, on the 18th day of October.

*s/David L. Mazaroli*
_____
David L. Mazaroli